IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAELENE DILLARD, )
                                                            )
        Plaintiff, )
                                                            )
  -vs- )    Civil Action No. 16-1197
NANCY A. BERRYHILL,[1] )
ACTING COMMISSIONER OF SOCIAL )
SECURITY, )
                                                             )
        Defendant. )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Raelene Dillard ("Dillard") brings this action seeking judicial review of the ALJ's decision denying her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI").[2] Dillard filed an application in May of 2013 alleging a disability beginning in April of 2014. (R. 30)[3] She appeared and testified at a December 2014 hearing, as did a vocational expert. The ALJ ultimately denied Dillard's claim, finding her capable of light work with certain restrictions. (R. 18) Dillard has appealed and challenges the ALJ's decision in several respects. Pending are cross motions for summary judgment. See ECF Docket nos. 12 and 16. After careful consideration, the ALJ's decision is affirmed.

### Legal Analysis

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.
[2] Dillard's earnings establish that she remained insured through June 30, 2014. (R. 15)
[3] Dillard initially alleged an onset date of October 2012. (R. 13) She later amended the onset date to April 23, 2014. (R. 30)

1

1. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

2. Evaluation of Obesity

Dillard contends that the ALJ failed to properly analyze her obesity when assessing residual functional capacity ("RFC"). As such, Dillard submits that a remand is necessary. After careful review, although I agree that the ALJ's analysis is deficient, a remand is not warranted.

Social Security Ruling 02-1p provides guidance in determining how obesity is to be considered in evaluating claims. *See Diaz v. Comm'r. of Soc. Sec.*, 577 F.3d 500, 503 (3d Cir. 2009). SSR 02-1p makes clear that obesity should be considered at each stage of the sequential analysis. Although the ALJ devotes several sentences to explaining SSR 02-1p's requirements, his actual analysis of Dillard's obesity consists of one sentence[4] following that synopsis: "These considerations have been taken into account in reaching the conclusions herein limiting the claimant to work at the light exertional level." (R. 17)

There is simply no discussion of how Dillard's obesity may limit her functions. For instance, SSR 02-1p explicitly recognizes that "[t]he combined effects of obesity with other impairments may be greater than might be expected without obesity. For example, someone with obesity and arthritis affecting a weight-bearing joint may have more pain than might be expected from the arthritis alone." SSR 02-1p. Yet the ALJ did not explain how Dillard's obesity did or did not impact her knee pain or cause any limitations in exertional functions such as sitting, standing, or walking. Further, SSR 02-1p contemplates that "[o]besity may also cause or contribute to mental impairments such as depression." SSR 02-1p. Dillard complained of depression and the ALJ found her

---

[4] The ALJ does note, when determining that Dillard's obesity constitutes a "severe impairment" that she weighed 282 pounds at a height of 67 inches, resulting in a body mass index of about 42." (R. 16)

3

mood disorder to constitute a severe impairment. Yet the ALJ is silent with respect to how Dillard's obesity may impact her mood disorder.

Simply stated, there is no explicit analysis of the cumulative impact of Dillard's obesity on her RFC. Therefore, the ALJ's analysis is deficient in this respect. *See Ellis v. Astrue*, Civ. No. 9-1212, 2010 WL 18172467 at * 5 (E.D. Pa. April 30, 2010) (stating, "[t]he ALJ's severity finding triggered an obligation to discuss Ellis' obesity, individually and in combination with diabetes, hypertension, and bilateral knee disorders.") *See also Diaz v. Comm'r. of Soc. Sec.*, 577 F.3d 500, 504-505 (3d Cir. 2009) and *Page v. Colvin*, Civ. No. 14-0295, 2014 WL 4925186 at * 5 (W.D. Pa. Sept. 30, 2014) (holding that a one sentence analysis regarding obesity was insufficient).

Nevertheless, I agree with the Government that a remand is not warranted. "An ALJ's error is harmless where it 'would have had no effect on the ALJ's decision.'" *Diaz v. Colvin*, Civ. No. 14-2780, 2015 WL 5771779 at * 5 (D. N.J. Sept. 30, 2015), *quoting, Perkins v. Barnhart*, 79 F. App'x. 512, 515 (3d Cir. 2003). "If an ALJ makes an error in the proceedings 'the burden of showing that [the] error is harmful normally falls upon the party attacking the agency's determination.'" *Diaz,* 2015 WL 5771779 at * 5, *quoting, Shinseki v. Sanders*, 556 U.S. 396, 409 (2009). Here, consideration of the cumulative impact of Dillard's obesity would not affect the outcome of this case. *See Suarez v. Astrue,* 996 F. Supp.2d 327, 332-33 (E.D. Pa. 2013); *McPherson v. Colvin*, Civ. No. 16-1469, 2016 WL 5404471, * 6 (E.D. Pa. Sept. 28, 2016) (holding that, although the ALJ failed to meaningfully discuss the cumulative effect of the claimant's obesity and other impairments, remand was not warranted because the claimant had not identified any evidence showing that the result would change on remand); and *Brown v. Astrue*, 789

F. Supp.2d 470, 483-84 (D. Del. 2011) (stating that an ALJ's failure to provide a meaningful analysis of the effects of the claimant's obesity did not necessitate a remand because the claimant failed to identify any record evidence relating to obesity which the ALJ omitted).[5] Here, Dillard has not identified any evidence, including medical records, supporting a conclusion that her obesity would render her unable to work. *See Suarez, 996 F. Supp.2d at 332* (finding that no remand was necessary, despite the ALJ's finding that obesity constituted a severe impairment at the second step of the analysis yet failed to discuss the impact of obesity in assessing the claimant's functional abilities, because "the evidence, including medical records, application forms, and Suarez's testimony, would not support a conclusion that her obesity – individually or in combination with her other impairments – rendered her unable to work."). She has not cited to a single physician's report establishing a limitation caused by her obesity or a limitation which is caused by a combination of her obesity and another impairment. Nor has she identified specifically how the RFC is deficient with respect to her obesity. Dillard posits that "[a] BMI of 43 would seemingly affect Plaintiff's ability to stand and / or walk for 6 hours in an 8-hour day." See ECF Docket no. 13, p. 10. This is conjecture. Dillard has not identified any evidence supporting her supposition. Nor did Dillard herself complain of limitations associated with her obesity during the hearing. She discussed her anxiety attacks, her knee pain, her lower back pain and her mood swings. (R. 33-40) Yet she did not state that her weight made it difficult to stand / walk. Dillard has not directed this

---

[5] I find the present case to be distinguishable from that present in *Diaz*, where the court remarked that the claimant's "morbid obesity would seem to have exacerbated her joint dysfunction as a matter of common sense, if not medical diagnosis." *Diaz v. Comm'r. of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009). As detailed in the body of this opinion, given Dillard's failure to identify anything in the record linking her obesity with any limitation or exacerbation of other impairments, "common sense" does not require this leap of logic. *See Thorne v. Colvin*, Civ. No. 13-2139, 2015 WL 3498642 at *5 (E.D. Pa. June 3, 2015) (rejecting the claimant's urge to apply the *Diaz* court's "common sense" conclusion that obesity exacerbates joint dysfunction where the record was devoid of any indication that the claimant's obesity affected her other symptoms).

5

Court to any specific evidence indicating that her obesity would have any impact on her ability to function. The record indicates that Dillard's arthritis, which mainly affected her knees and hips, was stable (R. 38, 42, 454, 465), and her depression was much improved (R. 38, 47). Dillard continues to perform cleaning and custodial duties at a church and her activities of daily living (personal hygiene, cooking, cleaning, walking at the mall, et cetera) She has not identified any evidence showing that the result would change on remand.

Consequently, although the ALJ erred in failing to discuss Dillard's obesity upon her residual functional capacity, remand is not required. "As the Honorable Richard G. Andrews, sitting in the United States District Court for the District of Delaware, has said in similar circumstances, 'the Court cannot remand the ALJ's decision based on the failure to confront evidence that does not exist.'" *Suarez*, 996 F. Supp.2d at 333, *quoting, Neff v. Astrue*, 875 F. Supp.2d 411, 423 (D. Del. 2012).

    3.    <u>Social Functioning</u>

Dillard also contends that the ALJ failed to incorporate limitations regarding social functioning in the RFC. According to Dillard, the ALJ relied upon Dr. Schiller's opinion, yet failed to account for Dr. Schiller's finding of moderate limitations with regard to social functioning. Dr. Schiller did find that Dillard was "moderately limited" with respect to her ability to interact appropriately with the general public and with respect to her ability to accept instructions and respond appropriately to criticism from supervisors. (R. 52-53). Yet Dr. Schiller explained those limitations as follows:

> The claimant's conditions are consistent with her having less than optimal responses to the social demands of work settings. *However she does have a knowledge and understanding of what is required to manage the social demands of a work setting.*

6

(R. 53) (emphasis added) Ultimately, he concluded that Dillard "appears to possess the basic mental ability for routine" substantial gainful activity." (R. 53) In response to a hypothetical, the vocational expert ("VE") identified several positions which someone of claimant's age, education, and work experience would be capable of performing work at the light exertional level of a simple and repetitive nature. (R. 42) Upon further questioning, the VE added that those same jobs could be performed by someone who required "low stress work involving only occasional interactions with the general public." (R. 42-43) Thus, I find that the ALJ fully accounted for the social functioning limitations set forth in Dr. Schiller's report and that the VE's responses to hypotheticals about the jobs available to someone with such limitations constitute substantial evidence of record. Therefore I reject Dillard's argument.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAELENE DILLARD, )
)
    Plaintiff, )
)
 -vs- ) Civil Action No. 16-1197
)
NANCY A. BERRYHILL,[6] )
ACTING COMMISSIONER OF )
SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 12th day of May, 2017, it is hereby ORDERED that Defendant's Motion for Summary Judgment (Docket no. 16) is granted and Plaintiff's Motion for Summary Judgment (Docket no. 12) is denied. It is further ORDERED that the ALJ's decision is AFFIRMED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[6] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017.